Yoshi WESTON, an individual, on behalf of herself, and on behalf of all persons similarly situated, Plaintiff,

v.

FEDEX OFFICE AND PRINT SERVICES, INC., and Does 1 through 10, inclusive, Defendants.

Civil No. 09cv1635 JAH (CAB).

United States District Court, S.D. California.

Jan. 27, 2010.

Norman B. Blumenthal, Aparajit Bhowmik, Blumenthal, Nordrehaug & Bhowmik, La Jolla, CA, for Plaintiff.

James M. Peterson, Higgs Fletcher and Mack, San Diego, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. # 15]

JOHN A. HOUSTON, District Judge.

### *INTRODUCTION*

This matter came on for hearing before this Court on January 11, 2010 on the motion for summary judgment filed by defendant FedEx Office and Print Services, Inc. ("FedEx" or "defendant"). Plaintiff Yoshi Weston ("plaintiff") was represented by Kyle Nordrehaug. Jim Peterson and Jennifer Z. Morris appeared on behalf of defendant. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, along with the oral argument presented at the hearing, and for the reasons set forth at the hearing and presented below, this Court GRANTS defendant's motion for summary judgment.

## BACKGROUND

The instant complaint, filed as a class action, alleges that the paycheck practices of defendant violated California Labor Code §§ 212(a) (first cause of action), California Business & Professions Code § 17200 (second cause of action), and California Labor Code § 2698 (third cause of action), contending that the paychecks issued to plaintiff, an employee of defendant, were "issued by an out-of-state bank with no in-state address for presentation and no provision for negotiating such paycheck[s] in California at no cost and/or [defendant's] employees have been required to pay a fee to cash their paycheck[s] and/or had a hold placed on their paycheck[s]." Doc. # 13 (1st Am. Compl.) ¶ 5.

Plaintiff's initial complaint was filed on July 28, 2009, containing only two causes of action: (1) defendant violated California Labor Code § 212; and (2) defendant violated California Business & Professions Code § 17200 ("UCL"). Defendant filed an answer to the complaint on October 1, 2009 and filed the instant motion for summary judgment on October 6, 2009, seeking judgment as a matter of law on the two causes of action contained in the original complaint. Plaintiff's first amended complaint, the operative pleading here, was filed with leave of court on November 5, 2009, and added a third cause of action: that defendant violated California Labor Code § 2698.

On December 4, 2009, defendant filed, pursuant to the parties' agreement, an amended motion for summary judgment seeking judgment as a matter of law on the third cause of action in addition to the relief requested in the previously filed motion. Plaintiff's opposition to the motion was filed on December 24, 2009. Defendant filed a reply brief on January 4, 2010.

## DISCUSSION

### 1. Legal Standard

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Where the party moving for summary judgment does not bear the burden of proof at trial, as here, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the moving party's claim. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *United Steelworkers v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir.1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c), is satisfied." *Lujan,* 497 U.S. at 885, 110 S.Ct. 3177 (quoting *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 990–91 (9th Cir.1991). A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987)(citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] . . . ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### 2. Analysis

Defendant contends that it has complied with the provisions of California Labor Code § 212 and, thus, is entitled to judgment as a matter of law on all of plaintiff's claims because the second and third cause of action are contingent on a violation of § 212 as alleged in the first cause of action. *See* Doc. # 15 at 2.

California Labor Code § 212 provides that:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
. . .

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear in the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

Cal. Labor Code § 212. Defendant contends that it is undisputed the payroll checks issued to plaintiff were (1) issued on checks for which Bank of America is the drawee; (2) Bank of America is a bank; (3) Bank of America has more than 1000 full service branch offices in California; and (4) plaintiff's check could have been cashed in any of Bank of America's branches in California whether or not plaintiff had a bank account with Bank of America. Doc. # 6 at 2–3. Defendant argues that these facts clearly demonstrate it has complied with § 212 "because the address of a Bank of America branch need not appear on its payroll checks and the payroll checks are 'payable in cash, on demand, without discount, at some established place in the state.'" *Id.* at 3.

Defendant contends that plaintiff's attempt to construe subsection (c) of the statute as applying only to bank employers is an erroneous interpretation because "[a] drawee of a check is a party (in this case,

Bank of America) ordered in the draft (payroll check) to make the payment" and "one would have to conclude that when the California Legislature said 'drawee,' it meant to say 'employer'" but the legislature did not do so. *Id.* at 3; *see also id.* at 7–8. Defendant points to the legislative history of the statute, as well as policy statements, bulletins and pamphlets issued by the Division of Labor Standards Enforcement ("DSLE"), as support for its position. *See id.* at 8–11 (citing RJN[1] 001–003, 007, 008, 011–12, 022, 023, 024–028, 030–031, 032–043, 044–052. 053–111), 12–13 (citing RJN 190–200). Specifically, defendant claims that the "Legislature intended, given modern banking practices, to delete the 'obsolete' and 'outmoded' requirement for a bank's address to appear on California employees' payroll checks *if the drawee is a bank*, and the Legislature intended that, in such situations, the bank is required to cash a payroll check at any of its branches that the employee chooses." *Id.* at 3 (citing RJN 022, 023, 032–043). Defendant further claims "the Department of Labor Standards Enforcement's ("DLSE") interpretation is consistent with the express and plain language of the statute and the legislative intent." *Id.* (citing RJN 190–200).

Defendant further contend that plaintiff's attempt to exclude non-bank employers from subsection (c) is "nonsensical and contrary to the plain language and legisla-

tive intent of the statute," asking "why [would the legislature seek to] eliminate the obsolete requirement of printing a bank address of a certain branch on checks for only one category of employers" and, conversely, "why [would it] limit the added protection and convenience provided by [s]ubsection (c) to only bank employees?" *Id.* at 13.

Defendant also claims that a recent Northern District of California district court decision, apparently cited by plaintiff during pretrial proceedings, incorrectly determined that subsection (c) applied only to "bank employers" because the court was not provided with the entire legislative history of the statute." *See id.* at 14–15 (citing *Fleming v. Dollar Tree,* 2006 WL 2975581 (N.D.Cal.)). In addition, defendant claims the finding in *Fleming* is merely *dicta* and the facts in *Fleming* are distinguishable from the facts here. *Id.* at 15. Lastly, defendant contends that plaintiff's unfair competition claim under California Business & Professions Code § 17200 and, in its amended motion, plaintiff's claim under California Labor Code § 2698 fail because those claims are dependent upon the finding that defendant violated § 212, to which defendant claims it has complied.

In opposition, plaintiff contends[2] that the decision in *Fleming,* coupled with another recent district court decision in *Solis v. The Regis Corporation,* 612 F.Supp.2d

---

1. "RJN" refers to defendant's Request for Judicial Notice filed concurrently with its motion. *See* Doc. # 6–5.

2. Plaintiff initially contends, in opposition, that she has not been permitted to propound discovery and, thus, the motion should be denied based on the provisions of Rule 56(f). *See* Doc. # 16 at 7. Defendant points out that the magistrate judge permitted plaintiff to " 'take the depositions of the individuals who provided declarations in support of defendant's motion, limited to the subject matter of the declarations.' and was permitted to 'pro-

pound written discovery limited in scope to the subject matter of the motion.'" Doc. # 17 at 11 (quoting Doc. # 10 at 1). Defendant notes that plaintiff took one of the declarant's deposition and chose not to propound written discovery other than requests for production of documents attached to the deposition notice. *Id.* Thus, plaintiff was provided the opportunity to conduct discovery in order to be sufficiently prepared to respond to the instant motion. In addition, this Court finds that the issue presented in this motion, that is, defendant's compliance with § 212, does not requires further fact-finding. There-

1085 (N.D.Cal.2007), sufficiently supports a finding that FedEx failed to comply with § 212 and no exemption from the statute applies. Doc. # 16 at 9. Plaintiff claims both these cases are analogous to the instant case and are on point. *Id.* at 9–12. In *Solis*, the plaintiffs were California employees of Supercuts, a company with a parent corporation based in Chicago and issued paychecks drawn from an account with LaSalle Bank, a Chicago bank having no branches in California.[3] The court found, based on the record before it, that:

> Here, it is undisputed that for the one year class period at issue defendants' checks did not have the 'name and address' of a business in the state of California where the checks could be cashed on demand and without comment. Thus, at a minimum, defendants violated this requirement of section 212.

*Solis*, 612 F.Supp.2d at 1086 (emphasis omitted). Plaintiff submits a copy of the Supercuts paycheck at issue in *Solis.* noting that the paycheck listed only the foreign addresses of both Supercuts (in Minneapolis, Minnesota) and LaSalle Bank (Chicago, Illinois). Doc. # 16 at 9 (citing Nordrehaug Decl., Exh. 4). Thus, plaintiff contends this establishes there is no factual distinction between the *Solis* case and this case. *Id.* at 10.

In *Fleming*, the plaintiffs received wages from defendant Dollar Tree Stores issued from an "out-of-state bank with no in-state address for presentation and no provision for negotiating the paycheck within the State of California." *Fleming*, 2006 WL 2975581 at *3. The *Fleming*

court held that this practice violates § 212. *Id.* at *8–9. In addition, the *Fleming* court found that "the plain language and the legislative history [of § 212] indicate that [§ 212(c) ] applies to bank employers and only exempts them from the requirement of printing the name and address on the paycheck." *Id.* Plaintiff contends this decision "completely refutes the arguments now made by [d]efendant to avoid clear liability under the statute." Doc. # 16 at 11. Plaintiff argues that the *Fleming* decision is not distinguishable from this case and its construction of § 212(c) as applying only to bank employers is not erroneous or *dicta* as defendants assert. *Id.* at 11–12. Plaintiff points to the Enrolled Bill Report by the Department of Industrial Relations referenced by the *Fleming* court in support which clearly states "This bill would exempt a bank employer from this requirement." *Id.* at 12 (citing RJN 047). In addition, plaintiff claims *Fleming's* construction of the statutory language is consistent with the canons of statutory construction and defendant's interpretation "ignores the public policy behind the statute that employees be notified of where they can cash their check without charge." *Id.* at 14, 15–17. Plaintiff points out that "other companies using Bank of America have no difficulty notifying employees as to where they can cash their check[s]." *Id.* (citing Nordrehaug Decl., Exh. 3 (copy of a Verizon paycheck written on a Bank of America account notifying employee that the paycheck "[m]ay be cashed at any Bank of America banking center.")).[4]

---

fore, plaintiff's Rule 56(f) argument fails. Accordingly, plaintiff's Rule 56(f) request is DENIED.

**3.** Plaintiff claims that LaSalle Bank had at least one California branch prior to its merger with Bank of America in 2007. *See* Doc. # 16 at 10 n. 14. However, defendant, in reply, points out that plaintiff's counsel in *Solis* admitted the bank had no branches in California

at the time of the lawsuit. *See* Doc. # 17 at 7 (citing RJN 205) ("Regis paid its Supercuts California employees with ... out of state checks drawn on LaSalle Bank of Chicago, which has no California branches.").

**4.** Defendant objects to the Court's consideration of this exhibit on the grounds that the

In reply, defendant contends that § 212 does not contain a "notice" requirement as plaintiff asserts in opposition. *See* Doc. # 17 at 4. Defendant explains that plaintiff does not quote the complete language found in the Senate Committee Analysis, which actually states:

> Existing law provides a general framework for the payment of wages, including *a requirement to have itemized wage statements,* and when an employer issues a payroll check, it has to be backed by sufficient funds.
>
> Payroll checks must show on their face an established place of business in California where they can be cashed without discount, and the name of the bank and specific address of the location from the funds are drawn. Banks are only required to cash a check at a branch whose address appears on the check. *This bill* would delete the requirement that paychecks issued by a bank show the specific address of the bank's location.

*Id.* (quoting RJN 008 (emphasis in original)). Defendant claims their payroll checks, including the paycheck at issue here, do " 'show on their face an established place of business where they can be cashed without discount'; and that place is 'Bank of America' which has approximately 1,000 locations in California where the checks can be cashed without discount" and also, consistent with subsection (c), do not have a " 'specific address of the bank's location.' " *Id.* Defendant contends this language, as well as the language cited by plaintiff "simply does not provide for any additional notification requirement other than providing the name of the bank on the face of the check." *Id.*

Defendant further contends that *Fleming* and *Solis* are inapplicable here since both cases involve banks that did not have branches in California, whereas, in this case, Bank of America has approximately 1,000 locations in California. *Id.* at 5. Defendant suggests the reason that the *Fleming* court concluded, in *dicta,* that subsection (c) applies only to bank employers is because it did not have the entire legislative history before it to review. *Id.* at 5–6. According to defendant, had the *Fleming* court been privy to the entire legislative history of the statute, the court could not have come to the same conclusion. *Id.* at 6. In addition, defendant points out that the defendant in *Fleming* contended it was exempt from all of subdivision (a)'s requirements, whereas, here, defendant acknowledges the other portions of § 212 must be satisfied and, in fact, have been met. *Id.*

After reviewing the record and considering the arguments presented in the pleadings and orally at the hearing along with a careful review of the entire record, this Court finds that defendant's arguments are persuasive. This Court first agrees with defendant that, based on the plain meaning of the language of the statute, no notice requirement is contained therein. This Court further agrees with defendant that, based again on the plain meaning of the statutory language, the word "drawee" means the bank on which the check is drawn. *See Black's Law Dictionary* 495 (6th ed. 1990)("[t]he drawee of a check is the bank on which is it drawn,"); *The American Heritage College Dictionary,* 419 (3rd ed. 1997)(defining drawee as "[t]he party on which an order for the payment of money is drawn."). Thus, this Court concludes that a drawee is the bank at which the money being disbursed to the employee is held, as argued by defendant, and not the employer who happens to be a bank, as plaintiff contends. This Court also finds that *Fleming* and *Solis,* cited by plaintiff, are not analogous to the facts

---

exhibit has not been properly authenticated.    *See* Doc. # 17–3 at 2.

here because (1) both cases involved out-of-state banks; (2) *Solis* did not consider the issue presented in this case; and (3) the court in *Fleming* presented its finding regarding statutory construction as *dicta* and based its finding on an incomplete review of the entire legislative history. In addition, this Court agrees with defendant's argument that, if the legislature had intended on such a narrow construction of subsection (c) as indicated in *Fleming* and argued by plaintiff, it would have used the phrase "bank employer" instead of "drawee." Thus, this Court agrees with defendant's interpretation of the statute as a whole. Therefore, this Court finds defendant has sufficiently demonstrated its paychecks issued to plaintiff were in compliance with all the requirements of § 212. Accordingly, this Court finds defendant is entitled to judgment as a matter of law on all of plaintiff's claims.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment [doc. # 15] is GRANTED; and

2. The Clerk of Court shall enter judgment in favor of defendant on all of plaintiff's claims.